```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

OSHALAMIBI I.A. ZANNU EL,      )
ex rel. TRACEY A. REDMOND,     )
                               )
              Plaintiff,       )
                               )
    v.                         )    No.  12 C 1746
                               )
CATERPILLAR, INC.,             )
                               )
              Defendant.       )
```

MEMORANDUM ORDER

This pro se Complaint of Employment Discrimination, prepared on the form made available by this District Court's Clerk's Office for use by parties unrepresented by lawyers, bears the caption listed in this memorandum order. It appears from the In Forma Pauperis Application ("Application") that was tendered in conjunction with the Complaint that plaintiff's name was originally "Redmond,"[1] so that the "Zannu El" name was later adopted by plaintiff.

Because Zannu El (as he will be referred to here) has not received a right-to-sue letter from the EEOC (Complaint ¶8(a)), he cannot assert any Title VII claims. That leaves potentially open his charges under 42 U.S.C. §1981 ("Section 1981") of employment discrimination due to his color (Complaint ¶9(b)) and race (Complaint ¶9(e)). But this is all that Complaint ¶13 charges in that regard (copied verbatim):

---

[1] Application ¶10 lists Wade and Taylor Redmond as plaintiff's two sons.

> 6/6/11 D.A. Hearing at Caterpillar Jayme Koller refused to honor my name change she said she would not refer to me by correct name and I was fired after meeting on 7/1/11 while at home on indefinite suspension.

Although what this Court is called upon to do (and does in fact) is credit Zannu El's allegations at this threshold stage, the skeletal just quoted statement does not plausibly support a Section 1981 claim. And because in forma pauperis status requires not only the plaintiff's financial inability to pay the $350 filing fee (a requirement that the Application appears to satisfy) but also the plaintiff's assertion of a sufficiently plausible claim, the Application is denied without prejudice.

Accordingly, if on or before March 29 Zannu El either pays the filing fee or amends his Complaint allegations to provide a more meaningful showing of an asserted Section 1981 violation, this action will be permitted to proceed. If neither of those things is done, both the Complaint and this action will be dismissed without prejudice on March 30.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 13, 2012